

U.S. Department of Justice

United States Attorney
*District of Maryland*
*Southern Division*

---

Lynne A. Battaglia
United States Attorney

Deborah A. Johnston
Assistant United States Attorney

400 United States Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770-1249

301-344-4433

301-344-4032
FAX 301-344-4518

January 21, 1999

Mr. Timothy Sullivan, Esquire
███████████████████████

Harry Trainor
███████████████████

     Re:   **United States v. Dustin Higgs**
           **Crim. No. PJM-98-0520**

Dear Mr. Trainor and Mr. Sullivan:

We write to set forth the conditions on which the Government is willing to make discovery in this case. Under Rule 16 of the Federal Rules of Criminal Procedure, discovery is to be given "upon request", and we understand that you do request discovery. Therefore, we also request discovery pursuant to Rule 16(b).

The Government will provide discovery pursuant to and as defined in Rule 16 on the following basis:

<u>Jencks</u> material as defined in 18 U.S.C. § 3500, along with related <u>Giglio</u> material such as witness' plea agreements, criminal convictions and prior inconsistent statements, will be provided no later than one week prior to trial. However, the government reserves the right to delay provision of any such materials if the government believes that disclosure of the information will pose a security risk to any witness. <u>Brady</u> material which is not otherwise included in the Rule 16, <u>Jencks</u> or <u>Giglio</u> material referred to above will be provided if and when discovered. <u>Jencks</u> material is defined for purposes of this agreement in accordance with the specific provisions of 18 U.S.C. § 3500. <u>Jencks</u> material is given on agreement that reciprocal Rule 26.2 material will be provided by you at the same time we provide <u>Jencks</u> material.

The government agrees that at the same time that it provides Rule 16 material, it will provide notice of the existence of alleged other crimes, wrongs or acts committed by your client pursuant to Rule 404(b) of the Federal Rules of Evidence, along with copies of all physical and documentary evidence believed by the government to fall within the ambit of Rule 404(b) which the

government intends to introduce at trial in its case-in-chief. The government acknowledges its continuing duty to disclose Rule 404(b) evidence as it is recognized as such after the time period in which the government has provided Rule 16 material.

The government reserves the right to provide later notice of Rule 404(b) material if the government believes that disclosure of such information will pose a security risk to any witness. As to any such witness, the government will disclose all **Jencks** material and all Rule 404(b) evidence at the same time.

All discovery is provided on the condition that counsel will not give copies of this material to the client or to anyone outside counsel's office, absent prior approval of this office. Counsel may, of course, review this material with the client at any time or place.

Should counsel file any routine motion with the Court which seeks discovery pursuant to Rule 16 or Brady, then this discovery agreement will be void, and the Government is not bound by any of the provisions herein. Specifically, Jencks and Giglio material may not be provided until the first day of trial if the defendant should file such a motion.

The Government may be providing, as a courtesy, material which is not discoverable under Rule 16, Jencks, Giglio or Brady. The fact that certain non-discoverable materials are provided in no way obligates the Government to provide all non-discoverable materials, and the fact that certain non-discoverable materials are provided should never be taken as a representation as to the existence or non-existence of any other non-discoverable materials.

Please note that it is the policy of this Office that the government will not stipulate to a three level reduction in offense level pursuant to §3E1.1 of the United States Sentencing Guidelines unless the defendant has entered into a signed written plea agreement with the government on or before the date set for the filing of pretrial motions.

Please indicate your consent to this discovery agreement by signing and returning to us a copy of this letter. We urge you to call or write me with any questions that arise, as we may be able to resolve any questions without the filing of motions and responses with the Court.

Very truly yours,

LYNNE A. BATTAGLIA
UNITED STATES ATTORNEY

Deborah A. Johnston
Sandra Wilkinson
Assistant United States Attorneys

Accepted: _____    DATE: ___2/4/99___

Harry Trainor, Esquire

Accepted: _____    DATE: ___2/4/99___

Timothy Sullivan, Esquire

cc: Court file