**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

DUSTIN J. HIGGS,                    )
                                    )
                 Petitioner,        )
                                    )
          v.                        )        No. 2:20-cv-00665-DPH-DLP
                                    )
T.J. WATSON,                ,       )
                                    )
                 Respondent.        )

**NOTICE OF APPEAL**

Notice is hereby given that Dustin J. Higgs, Plaintiff in the above named

case, hereby appeals to the United States Court of Appeals for the Seventh Circuit

from an Order denying his Motion for Stay of Execution, Document 21.

Respectfully submitted,

/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

Dated: January 13, 2020

## CERTIFICATE OF SERVICE

I, Matthew Lawry, hereby certify that on this 13th day of January 2020, I filed the foregoing notice using the Court's CM/ECF program, with electronic service provided to the following individual:

Brian Reitz
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Email: Brian.Reitz@usdoj.gov

/s/ Matthew C. Lawry
Matthew C. Lawry

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DUSTIN J. HIGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00665-JPH-DLP |
| | ) | |
| T. J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION FOR STAY OF EXECUTION

Dustin John Higgs is a federal prisoner who is scheduled to be executed on January 15, 2021. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to stay execution. In his petition, Mr. Higgs argues that the government suppressed evidence before trial and that the trial court lacked jurisdiction to sentence him to death because his indictment was deficient. Mr. Higgs previously raised these arguments in other cases and after being reviewed, those claims were rejected. The applicable law, specifically the savings clause, 18 U.S.C. § 2255(e), does not permit Mr. Higgs to raise those arguments again in this case. And even if he could, Mr. Higgs has not shown a strong likelihood that he can bring his claims in a 28 U.S.C. § 2241 petition. Mr. Higgs has not shown a strong likelihood of success and the other factors that the Court must consider do not weigh in his favor. The motion to stay execution is denied.[1]

---

[1] The District of Maryland, where Mr. Higgs was convicted and sentenced, has held that it cannot amend Mr. Higgs's judgment of conviction to specify that Mr. Higgs should be executed in accordance with Indiana law. *United States v. Higgs*, No. 8:98-cr-520, dkt. 657 (D. Md.

1

## I.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

The United States Court of Appeals for the Fourth Circuit discussed the details of Mr. Higgs's crimes, trial, and sentencing on direct appeal. *United States v. Higgs*, 353 F.3d 281, 289–95 (4th Cir. 2003 ("*Higgs I*"). Most relevant to this petition is the summary of Mr. Higgs's convictions and sentences:

> [Mr. Higgs] was . . . convicted by a federal jury of three counts of first-degree premeditated murder, *see* 18 U.S.C.A. § 1111(a) (West 2000), three counts of first degree murder committed in the perpetration or attempted perpetration of a kidnapping, see *id.*, and three counts of kidnapping resulting in death, *see* 18 U.S.C.A. § 1201(a)(2) (West 2000), all of which are punishable by life imprisonment or death. [He] was also convicted of three counts of using a firearm "during and in relation to [a] crime of violence." 18 U.S.C.A. § 924(c) (West 2000). Ultimately, [Mr.] Higgs received nine death sentences under the Federal Death Penalty Act of 1994, one for each murder and kidnapping count, and a consecutive 45-year sentence for the firearm convictions. See 18 U.S.C.A. § 924(c)(1).

*Id.* at 289 (some citations omitted).

On appeal, Mr. Higgs argued, among other things, that "his capital convictions and death sentences must be vacated because the indictment failed to charge [him] specifically with . . . the aggravating factors required under 18 U.S.C.A. § 3592(c)." *Higgs I*, 353 F.3d at 295. While his direct appeal was pending, Mr. Higgs filed a motion for new trial based on alleged *Brady* violations

---

Dec. 29, 2020). That issue is not before the Court. *Id.* at 13. The government's appeal of that order is pending in the Fourth Circuit Court of Appeals, and Mr. Higgs has not withdrawn his motion to stay execution here.

[2] The district court aptly summarized relevant background information in *Higgs v. Daniels*, No. 2:16-cv-321-JMS-MJD, dkt. 42 (S.D. Ind. Apr. 30, 2020). Significant portions of the background section below are drawn directly from that order.

different from those at issue here. The Fourth Circuit affirmed the convictions and sentences imposed, and the district court denied the motion for new trial.

Mr. Higgs next filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Maryland, raising the same arguments that he presents in this case. Specifically, Mr. Higgs argued that the government failed to disclose evidence of benefits purportedly offered in exchange for Victor Gloria's testimony. *United States v. Higgs*, 711 F. Supp. 2d 479, 507 (D. Md. 2010) ("*Higgs II*"). He also raised the same insufficiency of the indictment argument that he made on direct appeal. *Id.* at 537. The district court denied the motion, and the Fourth Circuit affirmed. *United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011).

Mr. Higgs later filed an application in the Fourth Circuit to file a second or successive § 2255 motion raising claims unrelated to those presented here. The Fourth Circuit denied leave to file.

In August 2016, Mr. Higgs filed a § 2241 petition for a writ of habeas corpus in this Court alleging that his § 924(c) convictions violate due process. This Court denied habeas relief. On January 11, 2021, the Seventh Circuit Court of Appeals affirmed.

On December 14, Mr. Higgs filed a *pro se* petition for writ of habeas corpus. He has since filed two amended petitions—the latest one filed by counsel. The second amended petition raises two claims: (1) that the government suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (2) that the trial court lacked jurisdiction to impose a sentence of death.

## II.

### DISCUSSION

A motion for stay of execution requires the Court to consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

### A.    Likelihood of Success

Both the Seventh Circuit and Supreme Court have rejected the "better than negligible" standard for a showing of likely success on the merits. *See Purkey v. United States*, 964 F.3d 603, 618 (7th Cir. 2020). Instead, Mr. Higgs must make a strong showing that he is likely to obtain relief. Because this is a § 2241 petition, he must make a strong showing (1) that there is a "structural problem" with § 2255 that prevented him from raising the issues that he presents in this case and (2) that he would be entitled to relief on the merits if the issues he raises were relitigated. *Lee v. Watson*, 2019 WL 6718924, at *1 (7th Cir. Dec. 6, 2019).

### 1.    § 2255 and the Savings Clause

"As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). Congress created within § 2255 a narrow exception to the "general rule" that requires a federal prisoner to bring a collateral attack

4

under § 2255. Section 2255(e), aptly described by the Seventh Circuit as the "savings clause" and the "safety valve," "recognizes a narrow pathway to the general habeas corpus statute, section 2241." *Purkey*, 964 F.3d at 611; *see Webster v. Daniels*, 784 F.3d 1123, 1135 (7th Cir. 2015) (en banc).

Under the savings clause, a prisoner can seek a writ of habeas corpus under § 2241 only if the prisoner can show "that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Without that showing, a district court cannot reach the merits of the arguments raised in the petition. *Id.* (petition otherwise "shall not be entertained"); *Webster*, 784 F.3d at 1124 (petition "must be dismissed at the threshold" if § 2255(e) is not satisfied).

The Seventh Circuit has identified three specific paths by which a claim may satisfy the savings clause—although these are not the only paths that may satisfy the savings clause. *See In re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998) (claim relying on Supreme Court decision of statutory interpretation made retroactive to cases on collateral review); *Garza v. Lappin*, 253 F.3d 918, 921–23 (7th Cir. 2001) (claim relying on decision issued by international tribunal after § 2255 proceedings were completed); *Webster*, 784 F.3d at 1135–44 (claim relying on evidence that existed but was unavailable at the time of trial and showed that defendant was categorically ineligible for the death penalty). While the fact patterns of *Davenport, Webster* and *Garza* are not the only paths that may bring a claim within the scope of the savings clause, under any circumstance a petitioner must (at least) make "a compelling showing

5

that, as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem" with the challenged conviction or sentence. *Purkey*, 964 F.3d at 615; *see Webster*, 784 F.3d at 1136 ("[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available.").

### 2.    Likelihood of Satisfying the Savings Clause

#### a.    *Brady* Claim

Mr. Higgs alleges that the government violated due process by withholding evidence about (1) Mr. Gloria's status as a suspect in the Baltimore murder and (2) the government's intervention in the Baltimore Police Department's investigation of that crime. While Mr. Higgs previously raised this claim in his initial § 2255 motion, here he presents additional evidence that he has obtained since his initial § 2255 proceedings concluded. Mr. Higgs argues that § 2255 is inadequate or ineffective because it bars him from renewing his previously raised *Brady* claim after obtaining newly discovered evidence, which he alleges was suppressed by the government.

There is an established avenue under the savings clause to bring a claim based on newly discovered evidence. The newly discovered evidence must have (1) existed at the time of trial, (2) not been available to the petitioner through the exercise of diligence, and (3) demonstrate that the petitioner is categorically ineligible for the sentence imposed. *Webster*, 784 F.3d at 1139. Mr. Higgs has made a strong showing that his *Brady* claim satisfies the first two requirements. Although Mr. Higgs was able to present the evidence he obtained in 2012 from the Baltimore Police Department in a judicial proceeding (his Rule 60(d) motion),

6

that doesn't cure potential prejudice created by not having had the evidence available to use at trial or during the original 2255 proceeding. Rule 60(d) requires a showing of fraud on the court and does not provide a "full and fair opportunity to contest [a] conviction." *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) (per curiam). Regardless, Mr. Higgs has not made a strong showing that he can satisfy *Webster*'s third requirement—that he is categorically ineligible for the death penalty.

Recognizing this obstacle, *see* dkt. 19 at 9, Mr. Higgs seeks to create a special rule for *Brady* claims within the context of § 2255(e) to discourage the government from suppressing evidence after trial. He contends that "section 2255 is inadequate because it allows the Government to violate *Brady* but still render relief impossible where the claim involves newly discovered evidence that was unavailable during the initial § 2255 proceeding." Dkt. 17 at 35.

The new evidence identified by Mr. Higgs is far from trivial because Mr. Gloria's testimony was crucial to the government's case. *Cf. Sims v. Hyatte*, 914 F.3d 1078, 1088 (7th Cir. 2019) ("[S]uppression of strong and non-cumulative evidence related to the credibility of an important witness is material under *Brady*, at least when the witness's testimony is critical to the prosecution's case."). The new evidence brings to light serious questions about the government's involvement in the Baltimore investigation of Mr. Gloria, as well as the non-disclosure of that information before trial. But that is not enough to show "that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

To the contrary, § 2255(h) already provides petitioners an avenue for collateral relief based on newly discovered evidence. *See* 28 U.S.C. § 2255(h)(1) (allowing a second or successive petition based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"). Congress could have, but did not, include a *Brady* exception when it enacted § 2255 in 1996, well after *Brady* was decided.[3] *Cf. Webster*, 784 F.3d at 1138 (finding savings clause available, in part, because "Congress could [not] have contemplated" petitioner's constitutional claim).

Because Mr. Higgs has not made a strong showing that he may raise his *Brady* claim in a § 2241 petition—under *Webster* or some other way—the Court cannot reach the merits of his claim. *Webster*, 784 F.3d at 1124.

### b.    Claim of Defective Indictment

Mr. Higgs alleges that the indictment did not charge a capital offense and that the trial court therefore lacked jurisdiction to try him for first-degree murder or kidnapping resulting in death. He argues that he can raise this claim in a § 2241 petition because he could not do so in a § 2255 motion after litigating it on direct appeal.[4] Dkt. 17 at 50–51.

---

[3] Subsection (h) was not denoted as such until 2008, but the language of § 2255(h)(1) was included in the 1996 amendments to § 2255.

[4] Mr. Higgs *did* raise the claim in his § 2255 proceedings, and the district court rejected it both on procedural grounds and on the merits. *Higgs v United States*, 711 F. Supp. 2d 479, 538 (D. Md. 2010). The Court reads Mr. Higgs's petition as arguing that he is procedurally barred from raising his claim for a third time in a successive § 2255 motion.

No established savings clause path would allow Mr. Higgs to raise his claim in a § 2241 petition. The closest is that outlined *Davenport*: a claim based on a new, retroactive Supreme Court holding of statutory interpretation. 147 F.3d at 611–12. But Mr. Higgs relies on *Alleyne v. United States*, 570 U.S. 99 (2013), which held that any fact that increases the penalty for the crime is an "element" that must be charged in the indictment and found by a jury beyond a reasonable doubt. 570 U.S. at 103, 113–14. This is a constitutional holding not based on statutory interpretation, so it does not fit within *Davenport*.

Recognizing that his claim does not fit the *Davenport* path, Mr. Higgs argues that he may bring his claim under § 2241 because it challenges the jurisdiction of the district court to impose a death sentence. Dkt. 17 at 51. Specifically, he contends that a defective indictment deprives the trial court of subject matter jurisdiction. Dkt. 19 at 10–11.

But Mr. Higgs has not made a strong showing that his indictment was defective. The jury found three statutory aggravating factors that made Mr. Higgs eligible for the death penalty: (1) his prior conviction for a crime of violence, *see* 18 U.S.C. § 2592(c)(2); (2) his prior conviction for a serious federal drug offense, *see* 18 U.S.C. § 3592(c)12); and (3) the fact that he was convicted of multiple killings in a single criminal episode, *see* 18 U.S.C. § 3592(c)(16). *Higgs I*, 353 F.3d at 300. The "multiple killings" aggravator was not made a statutory aggravating factor until several months after Mr. Higgs's murders, so it could not form the basis for an adequate indictment of capital murder. *Id.* at 300–01. But the two other statutory aggravating factors are both "fact[s] of a prior conviction,"

9

which need not be alleged in the indictment. *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998); *cf. Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) ("[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.").

Mr. Higgs argues that *Alleyne* and its progeny cast doubt on *Almendarez-Torres*. But *Alleyne* expressly recognized the narrow exception for prior convictions and declined to revisit *Almendarez-Torres*. *Alleyne*, 570 U.S. at 111 n.1. Moreover, the Seventh Circuit has made clear that "*Almendarez–Torres* remains good law after *Alleyne*." *United States v. Brown*, 822 F.3d 966, 976 (7th Cir. 2016). Accordingly, Mr. Higgs has failed to show any defect in his indictment, let alone a fundamental defect in his conviction that might compel the creation of a new path for raising a claim under § 2241.

Even if Mr. Higgs could show a defect in the indictment, he has not made a strong showing that such a defect would have deprived the trial court of subject matter jurisdiction. *United States v. Muresanu*, 951 F.3d 833, 839 (7th Cir. 2020) ("[D]efects in an indictment do not deprive the court of subject-matter jurisdiction, and this is so even when the defect is a failure to state a federal offense."); *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign

10

federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.").

### B.    Irreparable Harm, Public Interest, and Other Equitable Factors

While Mr. Higgs faces irreparable harm if the stay is denied, the public has an interest in the timely execution of criminal judgments. The public also has an interest in ensuring that the government does not suppress evidence from criminal defendants, and Mr. Higgs' *Brady* claim raises serious questions about a key witness regarding information that was not disclosed before trial.

The timing of this petition weighs against Mr. Higgs. He failed to bring his *Brady* and defective indictment claims earlier, even though nearly all the *Brady* evidence was in his possession in 2012 and *Alleyne* was decided in 2013.

Considering all the factors, most importantly Mr. Higgs's inability to make a strong showing that his claims are likely to succeed, the Court finds that a stay of execution is not warranted.

### III.

### Conclusion

Mr. Higgs's motion for stay of execution, dkt. [15], is **DENIED**.

**SO ORDERED.**

Date: 1/12/2021

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

11

Distribution:

Matthew C. Lawry
FEDERAL COMMUNITY DEFENDER
matthew_lawry@fd.org

Ellen Nazmy
UNITED STATES ATTORNEY'S OFFICE
ellen.nazmy@usdoj.gov

Sandra Wilkinson
UNITED STATES ATTORNEY'S OFFICE
sandra.wilkinson@usdoj.gov

# *** PUBLIC DOCKET ***

<span style="color:blue">APPEAL</span>,<span style="color:green">HABEAS</span>

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:20-cv-00665-JPH-DLP

HIGGS v. WATSON
Assigned to: Judge James Patrick Hanlon
Referred to: Magistrate Judge Doris L. Pryor
Cause: 28:2241 Petition for Writ of Habeas Corpus (federal)

Date Filed: 12/14/2020
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas Corpus
Jurisdiction: Federal Question

**Petitioner**

**DUSTIN J. HIGGS**              represented by    **Matthew C. Lawry**
FEDERAL COMMUNITY DEFENDER
Capital Habeas Unit
Curtis Center, Suite 545 West
601 Walnut St.
Philadelphia, PA 19106
215-928-0520
Fax: 215-928-0826
Email: matthew_lawry@fd.org
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**T. J. WATSON**                represented by    **Ellen Nazmy**
*Warden, FCC, Terre Haute*
UNITED STATES ATTORNEY'S OFFICE
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
301-344-4126
Email: ellen.nazmy@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Sandra Wilkinson**
UNITED STATES ATTORNEY'S OFFICE
36 S. Charles Street
4th Floor
Baltimore, MD 21201

410-209-4921
Fax: 410-962-0716
Email: sandra.wilkinson@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2020 | 1 | PETITION for Writ of Habeas Corpus (Motion to Return to File a Motion, Pursuant to 28 U.S.C. 2241) filed by DUSTIN J. HIGGS. (No fee paid with this filing) (Attachments: # 1 Envelope)(DJH) (Entered: 12/15/2020) |
| 12/14/2020 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Petitioner, DUSTIN J. HIGGS. (Attachments: # 1 Envelope)(DJH) (Entered: 12/15/2020) |
| 12/14/2020 | 3 | MOTION to File for Leave to File Pro Se Motion filed by Petitioner, DUSTIN J. HIGGS. (Attachments: # 1 Envelope)(DJH) (Entered: 12/15/2020) |
| 12/15/2020 | 4 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (DJH) (Entered: 12/15/2020) |
| 12/16/2020 | 5 | ORDER DIRECTING RESPONDENT TO SHOW CAUSE - Dustin J. Higgs is a federal inmate at the United States Penitentiary in Terre Haute, Indiana, scheduled to be executed on January 15, 2021. The respondent shall have through January 4, 2021, to file a response to the petition for writ of habeas corpus, and shall serve a copy of the response to all counsel listed on the distribution list on this order. The clerk is directed to provide a copy of this order, as well as the petition for writ of habeas corpus, dkt. 1 , to Mr. Higgs's counsel in Higgs v. Daniels, 2:16-cv-00321 (S.D. Ind.), who is included on the distribution list on this order. If counsels seeks to be appointed in this action, he shall immediately notify the Court. Mr. Higgs's motion for leave to proceed in forma pauperis, dkt. 2 , is GRANTED. Mr. Higgs's motion for leave to file pro se motion, dkt. 3 , is GRANTED to the extent that the Court has docketed his petition for writ of habeas corpus. Copies distributed pursuant to distribution list. Signed by Judge James Patrick Hanlon on 12/16/2020. (RSF) (Entered: 12/16/2020) |
| 12/17/2020 | 6 | Amended MOTION for Leave to Proceed in forma pauperis, filed by Petitioner DUSTIN J. HIGGS. (Attachments: # 1 Envelope)(AAS) (Entered: 12/17/2020) |
| 12/17/2020 | 7 | Amended MOTION for Leave to File Pro Se Motion, filed by Petitioner DUSTIN J. HIGGS. (Attachments: # 1 Envelope)(AAS) (Entered: 12/17/2020) |
| 12/17/2020 | 8 | Amended PETITION for Writ of Habeas Corpus, filed by DUSTIN J. HIGGS. (No fee paid with this filing) (Attachments: # 1 Envelope)(AAS) (Entered: 12/17/2020) |
| 12/18/2020 | 9 | NOTICE of Appearance by Ellen Nazmy on behalf of Respondent T. J. WATSON. (Nazmy, Ellen) (Entered: 12/18/2020) |
| 12/18/2020 | 10 | NOTICE of Appearance by Sandra Wilkinson on behalf of Respondent T. J. WATSON. (Wilkinson, Sandra) (Entered: 12/18/2020) |

| 12/18/2020 | 11 | ORDER DENYING AMENDED MOTIONS AND DIRECTING RESPONSE TO AMENDED PETITION - The Court construes the more recent filings as (1) an amended § 2241 petition for writ of habeas corpus, (2) an amended motion for leave to proceed in forma pauperis, and (3) an amended motion for leave to file the § 2241 petition pro se. The amended motion for leave to proceed in forma pauperis, dkt. 6 , and the amended motion for leave to file pro se, dkt. 7 , are DENIED because the Court has already docketed this action and granted Mr. Higgs leave to proceed in forma pauperis. The Court's order dated December 16, 2020, dkt. 5 , shall remain in effect, except that the respondent shall respond to Mr. Higgs's amended petition, dkt. 8 rather than the original petition, dkt. 1 . SEE ORDER. Copy sent to Parties via US Mail. Signed by Judge James Patrick Hanlon on 12/18/2020. (JRB) Modified on 12/21/2020 (JRB). (Entered: 12/18/2020) |
|---|---|---|
| 12/22/2020 | 12 | NOTICE of Appearance by Matthew C. Lawry on behalf of Petitioner DUSTIN J. HIGGS. (Lawry, Matthew) (Entered: 12/22/2020) |
| 12/23/2020 | 13 | APPENDIX *to Second Amended Petition for Writ of Habeas Corpus Pursuant to 28 USC Section 2241* by DUSTIN J. HIGGS. (Attachments: # 1 Exhibit 1: 11-22-00 sentencing transcript, United States v. Victor Gloria, No. 98-cr-482-PJM (D. Md.), # 2 Exhibit 2: 7-18-98 report of Detective Robert Patton, # 3 Exhibit 3: 2-22-99 report of Detective Robert Patton, # 4 Exhibit 4: Information sheet - Clarence White, # 5 Exhibit 5: Undated handwritten notes of interview of Clarence White, # 6 Exhibit 6: 6-11-99 Transcript of interview of Clarence White, # 7 Exhibit 7: 7-19-98 transcript of interview of David Bishop, # 8 Exhibit 8: 7-29-98 transcript of interview of Barbara Bailey, # 9 Exhibit 9: 8-12-98 transcript of interview of Charnetta Bailey, # 10 Exhibit 10: 2-2-99 transcript of interview of Keith Scott, # 11 Exhibit 11: 2-2-99 transcript of interview of Kevin Scott, # 12 Exhibit 12: 4-7-99 transcript of interview of Kevin Miller, # 13 Exhibit 13: 9-28-96 application for statement of charges against Victor Gloria, # 14 Exhibit 14: 2-2-99 handwritten note from Martrelle Creighton homicide file, # 15 Exhibit 15: Undated handwritten note from Martrelle Creighton homicide file, # 16 Exhibit 16: Undated handwritten notes from Martrelle Creighton homicide file, # 17 Exhibit 17: Undated handwritten note from Martrelle Creighton homicide file, # 18 Exhibit 18: Undated handwritten note from Martrelle Creighton homicide file, # 19 Exhibit 19: Undated handwritten to-do list from Martrelle Creighton homicide file, # 20 Exhibit 20: Undated handwritten driving directions from Martrelle Creighton homicide file, # 21 Exhibit 21: 4-12-99 handwritten note from Mark Cohen, # 22 Exhibit 22: 4-21-99 report of Detective Robert Patton, # 23 Exhibit 23: Indictment, State v. Keith Scott and Kevin Scott, # 24 Exhibit 24: Indictment, State v. Kevin Miller, # 25 Exhibit 25: Docket, State v. Keith Scott, No. 199062008, Circuit Court for Baltimore City, # 26 Exhibit 26: Docket, State v. Kevin Scott, No. 199062008, Circuit Court for Baltimore City, # 27 Exhibit 27: Docket, State v. Kevin Miller, No. 199110054, Circuit Court for Baltimore City, # 28 Exhibit 28: Sentencing guidelines worksheet for Kevin Miller, # 29 Exhibit 29: Commitment record, State v. Kevin Miller, # 30 Exhibit 30: Maryland Department of Public Safety and Correctional Services incarceration history for Kevin Miller, # 31 Exhibit 31: 1-21-99 discovery agreement, United |

| | | States v. Dustin Higgs, No. 98-cr-520-PJM, # 32 Exhibit 32: 12-3-14 declaration of Harry Trainor, # 33 Exhibit 33: 8-10-12 declaration of Willis Haynes, # 34 Exhibit 34: 9-1-16 order dismissing Second Superseding Indictment with prejudice, United States v. Reddy Annappareddy, No. 13-cr-374-GLR (D. Md.), # 35 Exhibit 35: 9-1-16 transcript of motions hearing, United States v. Reddy Annappareddy, No. 13-cr-374-GLR (D. Md.), # 36 Exhibit 36: Second Superseding Indictment, United States v. Willis Haynes and Dustin Higgs, No. 98-cr-520-PJM (D. Md.))(Lawry, Matthew) (Entered: 12/23/2020) |
|---|---|---|
| 12/23/2020 | 14 | MOTION for Leave to File *Second Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241*, filed by Petitioner DUSTIN J. HIGGS. (Attachments: # 1 Exhibit Second Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241)(Lawry, Matthew) (Entered: 12/23/2020) |
| 12/24/2020 | 15 | MOTION to Stay *Execution*, filed by Petitioner DUSTIN J. HIGGS. (Lawry, Matthew) (Entered: 12/24/2020) |
| 12/24/2020 | 16 | ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED PETITION FOR WRIT OF HABEAS CORPUS - Dustin J. Higgs is a federal inmate at the United States Penitentiary in Terre Haute, Indiana, scheduled to be executed on January 15, 2021. Before the Court are two motions recently filed by Mr. Higgs: (1) a motion for leave to file a second amended petition for writ of habeas corpus, dkt. 14 ; and (2) a motion to stay execution, dkt. 15 . On December 23, Mr. Higgs, through counsel, filed a motion for leave to file a second amended petition for writ of habeas corpus challenging his sentence, dkt. 14. For the reasons set forth therein, that motion, dkt. 14 , is GRANTED. The clerk is directed to docket the proposed second amended petition as the Second Amended Petition, which is now the operative petition in this case. The Court VACATES the briefing schedule on Mr. Higgs' petition that was entered on December 18, 2020, dkt. 11 . On December 24, 2020, Mr. Higgs, now represented by counsel, filed a Motion to Stay Execution, dkt. 15. The respondent shall have through January 4, 2021, to file a response to that motion, and Mr. Higgs shall have through January 7, 2021, to file any reply. Signed by Judge James Patrick Hanlon on 12/24/2020.(PKP) Modified on 12/28/2020 (KAA). (Entered: 12/24/2020) |
| 12/24/2020 | 17 | SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. Sec. 2241 filed by DUSTIN J. HIGGS.(PKP) Modified on 12/28/2020 - created link to Appendix at 13 (RSF). (Entered: 12/24/2020) |
| 01/04/2021 | 18 | RESPONSE in Opposition re 15 MOTION to Stay *Execution* , filed by Respondent T. J. WATSON. (Attachments: # 1 Exhibit Verdict Sheet)(Nazmy, Ellen) Modified on 1/5/2021 - restricted exhibit due to jury foreperson's name (RSF). (Entered: 01/04/2021) |
| 01/07/2021 | 19 | REPLY in Support of Motion re 15 MOTION to Stay *Execution* , filed by Petitioner DUSTIN J. HIGGS. (Lawry, Matthew) (Entered: 01/07/2021) |

| 01/09/2021 | 20 | NOTICE of Filing *Fourth Circuit Orders* by DUSTIN J. HIGGS (Attachments: # 1 Exhibit Order of January 7, 2021, # 2 Exhibit Order of January 8, 2021) (Lawry, Matthew) Modified on 1/9/2021 - updated title (RSF). (Entered: 01/09/2021) |
|---|---|---|
| 01/12/2021 | 21 | ORDER - denying 15 Motion for Stay of Execution. Dustin John Higgs is a federal prisoner who is scheduled to be executed on January 15, 2021. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to stay execution. Considering all the factors, most importantly Mr. Higgs's inability to make a strong showing that his claims are likely to succeed, the Court finds that a stay of execution is not warranted. (See Order.) Signed by Judge James Patrick Hanlon on 1/12/2021. (RSF) (Entered: 01/12/2021) |
| 01/13/2021 | 22 | NOTICE OF APPEAL as to 21 Order on Motion to Stay, filed by Petitioner DUSTIN J. HIGGS. (No fee paid with this filing) (Lawry, Matthew) (Entered: 01/13/2021) |
| 01/13/2021 | 23 | ***DEATH PENALTY CASE*** PARTIES' SHORT RECORD re 22 Notice of Appeal **- Instructions for Attorneys/Parties attached.** (RSF) (Entered: 01/13/2021) |

**Case #: 2:20-cv-00665-JPH-DLP**